IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EARL SPENCER WOODS, JR.,                                                              PLAINTIFF

v.                                          Civil No. 4:23-CV-04080-SOH-CDC

SHERIFF JAMES SINGLETON, Hempstead County
Detention Center, individually and in his official capacity;
CAPTAIN JAMES WISE, Hempstead County Jail, individually
and in his official capacity; ELKIN, Hempstead County Jail,
individually and in his official capacity, formally known as Jail Doctor
Elkins; and JAIL GUARD BRYANT, Hempstead County Jail,
individually and in his official capacity,                                            DEFENDANTS.

## MAGISTRATE'S REPORT AND RECOMMENDATION

Plaintiff Earl Spencer Woods, Jr., a prisoner, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 15). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Susan O. Hickey, United States Chief District Judge, referred this case to the undersigned for the purposes of making a Report and Recommendation.

Plaintiff initiated this action in the Eastern District of Arkansas. (ECF No. 1). Magistrate Judge Edie R. Ervin of the Eastern District of Arkansas ordered that this matter be transferred here pursuant to 28 U.S.C. § 1406(a) upon finding that venue was proper in this District under 28 U.S.C. § 1391(b). (ECF No. 3). Upon receipt, Magistrate Judge Barry A. Bryant of the Western District of Arkansas ordered Plaintiff to either pay the filing fee of $402 or submit a complete *in forma pauperis* (IFP) application by September 15, 2023, failing which this matter would be subject to dismissal. (ECF No. 6). Plaintiff opted to submit a complete IFP application, which

1

was subsequently granted. (ECF Nos. 7, 10).

Upon initial review of Plaintiff's complaint pursuant to the Court's preservice screening obligations under 28 U.S.C. § 1915A *et seq.*, this Court ordered Plaintiff to submit an amended complaint. (ECF No. 12). Having received that Amended Complaint, (ECF No. 15), this matter is now back before the Court for review pursuant to 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, the undersigned recommends that Plaintiff's complaint be dismissed, in part, for failure to state a claim as a matter of law. 28 U.S.C. § 1915A(b)(1).

## I. BACKGROUND

Although Plaintiff's Amended Complaint sets forth eight discrete claims for relief, the Court views Plaintiff's allegations as constituting the following five claims. (ECF No. 15).

First, Plaintiff alleges that on January 3, 2022, he was wearing handcuffs, leg irons, and a belly chain when he was placed in a Hempstead County transport vehicle. *Id.* at p. 4. But before the transport, Defendant Bryant failed to put on Plaintiff's seatbelt. *Id.* When Plaintiff brought this to Defendant Bryant's attention, Plaintiff claims that Defendant Bryant told him that he would be "alright" because they were not going far. *Id.* at p. 6. Plaintiff says that during the transport, Officer Bryant slammed on his brakes to avoid colliding with another vehicle, causing him to be thrown out of his seat. *Id.* Plaintiff explains that his left shoulder hit the partition cage and he fell onto his right shoulder, causing him significant injuries to his left and right shoulders, right elbow, and back. *Id.* According to Plaintiff, when Defendant Bryant stopped the transport vehicle, he admitted fault. *Id.* Plaintiff says that he told Defendant Bryant that he was "a little sore," but Defendant Bryant told him that he would be "alright." *Id.*

When they returned to the Hempstead County Detention Center (HCDC), Plaintiff says

that Defendant Bryant told Defendant Captain James Wise and Defendant Elkin, the medical provider, what had happened. *Id.* at p. 5. Plaintiff contends that Defendant Elkin told him that he would give him ibuprofen for the pain, but also told him he did not need to go to the hospital without first conducting a medical or physical exam. *Id.* According to Plaintiff, Defendant Wise did not reprimand Defendant Bryant in any way. *Id.* Plaintiff says that when he was released from HCDC, he was examined by hospital staff at Guadalupe Hospital in Seguin, Texas and it was determined that he had suffered injuries to his rotator cuff, back, and elbow. *Id.*

Second, Plaintiff claims that on April 27, 2022, he filed a grievance on the kiosk at the HCDC against HCDC jail staff because he had asked for access to a power of attorney (POA) form on April 25, 2022, but had not received a response by April 27, 2022. *Id.* at p. 7. According to Plaintiff, "R. Langhor" responded to his grievance saying that he "can't get a power of attorney." *Id.* Plaintiff claims that jail staff also denied him the ability to send legal paperwork associated with his § 1983 litigation by certified mail, which is why he attempted to obtain POA to provide a family member or friend with the authority to act on his behalf. *Id.* at p. 8. With respect to this claim, Plaintiff identifies Captain James Wise as a defendant for purportedly allowing the jail staff to deny him access to court paperwork and denying him access to the U.S. postal service. *Id.* Plaintiff also identifies Sheriff James Singleton as a defendant to this claim on the grounds that Defendant Singleton failed to properly train jail staff. *Id.*

Third, Plaintiff contends that he requested medical attention for the injuries he sustained in the January 2022 traffic accident on April 27, 2022, June 6, 2022, June 23 – June 27, 2022, and July 5, 2022. *Id.* at pp. 9-12, 15-16. In response, Plaintiff contends that he was told that those requests had been sent to medical staff, but Plaintiff claims he never received the requested medical

3

attention. *Id.* Plaintiff identifies Defendant Elkin—for failing to provide necessary medication attention—and Defendant Singleton—for failure to supervise or train jail staff—as defendants to this claim. *Id.* Plaintiff also identifies Defendant Wise as a defendant to the April 27, 2022, incident, for "allowing officers to falsify access to medical through the kiosk," and as a defendant to the claim that he was denied medical care from June 23 – June 27, 2022. *Id.* at pp. 10, 15-16.

Fourth, according to Plaintiff, he filed a grievance on either June 12 or June 13, 2023, to correct a previous grievance where he had noted the incorrect date of the accident. *Id.* at pp. 13-15. In response, Plaintiff claims that R. Langohr simply said, "ok, it's noted." *Id.* Plaintiff identifies Defendants Elkin and Singleton and defendants to this claim on the grounds that the medical department was not treating him for his injuries and the jail staff did not convince the medical department to treat him for his injuries or take him to the hospital to be treated. *Id.*

Fifth, Plaintiff contends that on June 15, 2022, Defendant Elkin directed him to sign a medical release form. *Id.* at p. 19-21. But when Plaintiff did not hear anything back after signing the form, he submitted a request on July 13, 2022, and received a reply from "M. Evans" saying "forwarded to Dr. Elkin." *Id.* According to Plaintiff, Defendant Elkin did not respond or see him for at least three months. *Id.*

Plaintiff identifies the defendants in their official and individual capacities as to each claim. He requests punitive and compensatory damages, including the costs associated with filing this lawsuit. *Id.* at p. 21.

## II.  LEGAL STANDARD

Under the PLRA, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are

frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon,* 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III.   LEGAL ANALYSIS

#### A.  Claim 1: January 2022 Accident

The Court views Plaintiff's claim regarding the January 2022 traffic accident as three claims: (1) a claim against Defendant Bryant for both failing to secure him in the vehicle and then driving "extremely recklessly;" (2) a medical indifference claim against Defendant Elkin; and (3) a failure to supervise or train claim against Defendant Wise.  The Court considers each claim, in turn, below.

First, Plaintiff alleges that Defendant Bryant failed to properly secure him in the transport vehicle and then drove "extremely recklessly" and "slammed on his brakes" to avoid collision with another vehicle, causing him physical injury to his shoulders, elbow, and back. (Amend. Comp. at p. 4 (ECF No. 15)).  The Court construes these allegations as a "failure to protect" claim.

Because Plaintiff was a pretrial detainee at the time, his "failure to protect" claim arises under the Fourteenth Amendment. *Perry v. Adams*, 993 F.3d 584, 587 (8th Cir. 2021).

5

Nevertheless, the Eighth Circuit has applied the same standard to "failure to protect" claims brought under the Fourteenth Amendment as those raised by convicted prisoners under the Eighth Amendment. *Id.* Under this standard, to establish a plausible "failure to protect" claim, the plaintiff must show that "(1) objectively, there was a substantial risk of harm to Plaintiff; and (2) subjectively, Defendants knew of and deliberately disregarded the substantial risk of serious harm." *Id.* Deliberate indifference requires "proof of reckless disregard of the known risk." *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013).

It is far from decided that placing an inmate—such as Plaintiff—unsecured in a county transport vehicle in itself creates a substantial risk of serious harm to the inmate. *Compare Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999) (concluding that policy of using transport vehicles without safety restraints nor its manner of transporting individuals in those vehicles "obviously presented a substantial risk of harm") *with Brown v. Fortner*, 518 F.3d 552, 560 (8th Cir. 2008) (concluding that there was a substantial risk of harm to plaintiff and that the defendant knew of and disregarded that risk where defendant knew plaintiff was shackled and restrained so that he could not put on his own seatbelt, yet defendant nevertheless refused to put plaintiff's seatbelt on for him and then drove recklessly and ignored requests to slow down). Here, the Court views Plaintiff's allegations that Defendant Bryant knew Plaintiff was not wearing a seatbelt and that Defendant Bryant knew Plaintiff could not put on his own seatbelt because he was in handcuffs, but that Defendant Bryant nevertheless refused to put on Plaintiff's seatbelt for him as more analogous to *Fortner* than to *Spencer*.

Even so, however, Plaintiff's failure to protect claim fails as a matter of law because Plaintiff has failed to establish that Defendant Bryant's subsequent conduct manifested a deliberate

6

indifference to Plaintiff's safety. Here, Plaintiff claims that Defendant Bryant "drove extremely recklessly." (ECF No. 15). This is exactly the type of conclusory allegation devoid of factual enhancement that is not entitled to the presumption of truth. *Twombly*, 550 U.S. at 557 (requiring more than conclusory allegations not sufficient to establish a plausible claim pursuant to Federal Rule of Civil Procedure 8(a)(2)). Setting this allegation aside, Plaintiff offers no facts suggesting *how* Defendant Bryant's driving was "extremely reckless," or that Plaintiff (or someone else) made Defendant Bryant aware that his driving conduct was reckless or otherwise unsafe. *Cf. Fortner*, 518 F.3d at 560 (factual allegations showing that defendant was aware that inmate passengers were concerned for their safety based on his driving conduct sufficient to conclude that defendant knew of and disregarded a substantial risk of harm to inmates); *Brown v. Morgan*, 39 F.3d 1184, 1994 WL 610993, at * 1 (8th Cir. Nov. 7, 1994) (table decision) (plaintiff's allegations that defendant manifested deliberate indifference by "refusing to let him wear a seatbelt, driving at a high rate of speed in bad weather, refusing to slow down despite [plaintiff's] pleas for him to do so" sufficient to establish a plausible § 1983 claim). Indeed, Plaintiff's claim that Defendant Bryant slammed on his breaks to avoid colliding with another vehicle reflects a *regard* for Plaintiff's safety. Accordingly, Plaintiff has failed to establish that Defendant Bryant was acting with the necessary state of mind to sustain a "failure to protect" claim. Thus, Plaintiff's claim against Defendant Bryant in his individual capacity for "failure to protect" fails as a matter of law and should be dismissed.

Second, Plaintiff claims that when he and Defendant Bryant returned from the transport, Defendant Elkin gave him ibuprofen for the pain but did not send him to the hospital or submit

him to any medical examination. The Court views these allegations as a "medical indifference" claim.

Courts apply the Eighth Amendment "deliberate indifference" standard in assessing claims brought by pretrial detainees challenging the constitutionality of their medical care. *Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006). Under this standard, the plaintiff must show that "(1) he suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "on that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Vaughn v. Greene Cty., Arkansas*, 438 F.3d 845, 851 (8th Cir. 2006).

Here, Plaintiff alleges that Defendant Elkin heard about the car accident and told him that he did not need to go to the hospital without first conducting a medical or physical examination. (ECF No. 15). Plaintiff also claims that he complained of having suffered injury from this accident. *Id.* Thus, construed in the light most favorable to Plaintiff, for the limited purpose of preservice screening, the Court finds that Plaintiff has established a plausible "deliberate indifference" claim against Defendant Elkin in his individual capacity.

This leaves Plaintiff's claim against Defendant Wise for "not reprimanding Officer Bryant." (ECF No. 15). The Court construes this claim as a "failure to supervise or train" claim. Assuming, for the purposes of preservice screening, that Defendant Wise is Bryant's supervisor, "a supervisor may be held liable 'if a failure to properly supervise and train the offending employee caused the deprivation of constitutional rights." *Perkins v. Hastings*, 915 F.3d 512, 524 (8th Cir. 2019) (quoting *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001)). But, for the reasons outlined

8

above, Plaintiff has not established that Defendant Bryant violated his *constitutional* rights. Thus, by extension, Plaintiff has not established a plausible claim against Defendant Wise for failure to supervise or train. Plaintiff's individual capacity claim against Defendant Wise is therefore dismissed.

### B. Claim 2: Access to Power of Attorney Forms

Plaintiff claims that Defendant Wise and Defendant Singleton violated his constitutional rights when they failed to provide him with a power of attorney (POA) form upon his request. The Court views these allegations in terms of an "access to the courts" claim.

The United States Constitution guarantees prisoners a right to access to the courts. *See White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). Because pretrial detainees are subject to the same types of restrictions as prisoners, this Court analyzes Plaintiff's "access-to-the-courts" claim under the same standard articulated for claims brought by prisoner-plaintiffs.

"To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citing *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). "To prove actual injury, moreover, "a prisoner must demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).

Here, Plaintiff does not allege that he suffered any injury from allegedly being denied a power of attorney form. Indeed, Plaintiff alleges that he requested the power of attorney form so

9

that his family or a friend could send his § 1983 filing to the court by certified mail on his behalf because he could not mail this paperwork by certified mail himself. (ECF No. 15). But Plaintiff has not alleged any facts—and this Court finds none—suggesting that the court requires § 1983 paperwork to be mailed by certified mail or that his § 1983 paperwork was rejected because it was not mailed by certified mail. Thus, because Plaintiff did not—and cannot—allege sufficient facts establishing that he suffered an injury from being denied a power of attorney form, this Court recommends that this claim be dismissed for failure to state a claim as a matter of law.

### C. Claim 3: Failure to Provide Medical Care

Plaintiff alleges that his requests for medical attention for his pain from the injuries he sustained in the January 2022 accident were ignored on April 27, 2022, June 6, 2022, June 23 – June 27, 2022, and July 7, 2022.

As noted above, to establish a claim for medical indifference, Plaintiff must show that "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it." *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).

Here, Plaintiff alleges that he experienced ongoing pain from the injuries he sustained in the January 2022 car accident and that he filed grievances requesting medical attention for that pain but received none. Plaintiff also alleges that Defendant Elkin was the medical provider for the HCDC at the time and that he was made aware of those grievances. For the limited purpose of preservice screening, therefore, the Court finds that Plaintiff has established a plausible medical indifference claim against Defendant Elkin in his individual capacity.

Plaintiff also identifies Defendant Wise and Defendant Singleton as defendants to this claim. Regarding Defendant Wise, Plaintiff claims that he "allow[ed] officers to falsify access to

10

medical through the kiosk." (Amend. Comp. at p. 10 [ECF No. 15]). But this allegation is simply conclusory: he offers no facts suggesting how officers "falsified" access to medical through the kiosk, or how he "allowed" this to happen. Thus, this claim against Defendant Wise should fail. To the extent that Plaintiff's claim against Defendant Wise and Defendant Singleton is for "failure to train or supervise," this claim should likewise fail because Plaintiff offers no facts establishing that these defendants supervise—or have any authority over—Defendant Elkin.

Finally, with respect to this claim, Plaintiff asserts that Defendant Singleton "is to blame for employing [Defendant] Elkin as the medical provider who failed to do his job properly." (Amend. Comp. at p. 12 [ECF No. 15]). To establish liability based on hiring decisions, "a plaintiff must show that the hiring decision and the plaintiff's alleged constitutional injury are closely connected—an applicant's background is the causal link." *Morris v. Crawford Cty.*, 299 F.3d 919, 923 (8th Cir. 2002) (discussing *Bd. of Cnty. Comm'rs of Bryan County v. Brown*, 520 U.S. 397 (1997)). Here, Plaintiff fails to allege any facts suggesting that Defendant Singleton hired Defendant Elkin as HCDC's medical provider. This pleading deficiency alone is sufficient to recommend dismissal of this claim. But even if Plaintiff had established that Defendant Singleton had hired Defendant Elkin, there are no facts—even when liberally construed—to suggest that Defendant Singleton was aware of *any* information in Defendant Elkin's background putting him on notice that Defendant Elkin had previously failed to provide constitutionally adequate medical care to pretrial detainees who had been involved in car accidents during their pretrial detention. Absent such information, Plaintiff's claim against Defendant Singleton for hiring Defendant Elkin should fail as a matter of law. *See Morris*, 299 F.3d at 924 (To survive summary judgment on a § 1983 hiring claim, "plaintiff must point to prior complaints in an applicant's background that

are nearly identical to the type of misconduct that causes the constitutional deprivation allegedly sufferance by the plaintiff.").

### D. Claim 4: Grievance and Claim 5: Release of Information Form

Plaintiff claims that he submitted a grievance on or about June 12 or June 13, 2023, to correct the date of the accident that he had noted in an earlier grievance.[1] Plaintiff asserts that "the medical staff is at fault as they weren't treating [him] for [his] injuries sustained in the accident. The Sheriff, Jail Administrator, etc. are at fault as they seen that the medical department was not treatment me and then done nothing to convence medical to help nor would they take me to the hospital." (Amend. Comp. at p. 14 [ECF No. 15]). Also, Plaintiff claims that on June 15, 2022, he signed a release of information (ROI) form at Defendant Elkin's direction. (Amend. Comp. at p. 20 [ECF No. 15]). According to Plaintiff, he filed a request on July 13, 2022, explaining that he had signed the form but had not heard anything back. *Id.* Plaintiff contends that he did not receive any medical attention for three months.

To the extent that these claims are against the grievance procedure itself, such claims fail as a matter of law because Plaintiff has no constitutional right to a grievance procedure. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (because a prison grievance procedure does not confer any substantive right upon the inmates, failure to comply with grievance procedure does not amount to a constitutional violation). To the extent that Plaintiff's claims concern the defendants' failure to provide adequate medical care, Plaintiff has failed to establish sufficient facts alleging

---

[1] Plaintiff says that in the earlier grievance he had noted that the date of the "accident" was "11-3-22 when in all actually it was on or about 11-3-21." (Amend. Comp. at p. 14 [ECF No. 15]). It is entirely unclear whether this is a typo and Plaintiff is referring to the car accident he alleges took place on or about January 3, 2022, or if he is referring to an entirely different accident. In any event, this question is immaterial to the Court's analysis.

12

when, for example, he was denied that care (and whether these dates are the same as or in addition to those noted above). Accordingly, these claims do not allege a plausible "failure to provide medical care" claim. This Court, therefore, recommends that these claims be dismissed.

### E.  Official Capacity Claims

This leaves Plaintiff's official capacity claims. "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir.2014) (quoting *Grayson v. Ross*, 454 F.3d 802, 810–11 (8th Cir.2006)).

Here, of all Plaintiff's individual capacity claims, this Court recommends that only the following proceed past screening: (1) Plaintiff's claim against Defendant Elkin for failure to provide constitutionally adequate medical care immediately following the January 3, 2022, traffic accident; and (2) Plaintiff's claim against Defendant Elkin for failing to provide constitutionally adequate follow-up medical care on April 27, 2022, June 6, 2022, June 23 – June 27, 2022, and July 7, 2022.  To sustain these claims against Defendant Elkin in his *official* capacity, Plaintiff must establish that "a policy or custom of the governmental entity was the moving force behind the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  But Plaintiff fails to plead any facts suggesting that Defendant Elkin's purported failure to provide constitutionally adequate medical care was the result of the policy or custom of *Hempstead County*. This Court therefore recommends that Plaintiff's claims against Defendant Elkin in his official capacity be dismissed.

### IV.     CONCLUSION

In sum, having reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that the following claims **proceed:** (1) Plaintiff's claim against Defendant Elkin in his individual capacity for failing to provide constitutionally adequate medical care immediately following the January 3, 2022, traffic accident; and (2) Plaintiff's claim against Defendant Elkin for failing to provide constitutionally adequate care on April 27, 2022, June 6, 2022, June 23 – June 27, 2022, and July 7, 2022.

All other claims should be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of October 2023.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE