IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EARL SPENCER WOODS, JR.
ADC #181182                                                                                          PLAINTIFF

v.                                              Civil No. 4:23-CV-04080-SOH-CDC

SHERIFF JAMES SINGLETON, Hempstead County Detention Center,
CAPTAIN JAMES WISE, Hempstead County Jail;
ELKIN, Hempstead County Jail; and JAIL GUARD BRYANT,
Hempstead County Jail, individually and in their official capacities,              DEFENDANTS.

### ORDER

Plaintiff Earl Spencer Woods, Jr., a prisoner, has filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983.   The gravamen of Plaintiff's Complaint is that Defendant Elkin failed to provide him with constitutionally adequate medical care for the injuries he sustained while being transported by Hempstead County Detention Center ("HCDC") officials in a HCDC vehicle on or about January 3, 2022.[1]   (ECF No. 2).   Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").   *See* (ECF No. 10).   This matter is before the Court on Plaintiff's Motion for Certified Blank Subpoenas.   (ECF No. 30).   Defendant has filed no response and the Court finds that no response is necessary.   This matter is therefore ripe for the Court's consideration.

Rule 45 of the Federal Rules of Civil Procedure applies to the issuance of subpoenas. Pursuant to Rule 45(d), the Court shall ensure that the party issuing the subpoena "take[s]

---

[1] Following the Court's preservice review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, this Court recommended that only the claims against Defendant Elkin remain pending and that all other claims be dismissed without prejudice.   (ECF No. 16).   Consistent with this recommendation, this Court ordered that Defendant Elkin be served with a copy of the Complaint. (ECF No. 17).   Defendant Elkin, through counsel, has entered an appearance and filed an Answer. (ECF No. 21).   Because no other defendant has been served, when the Court refers to "Defendant," it only means Defendant Elkin.

1

reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).   Further, the Court has discretion "to ensure [that] the discovery sought [is] reasonably calculated to lead to the discovery of admissible evidence." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

As the Court understands it, Plaintiff's Motion for Certified Blank Subpoenas makes the following three requests: (1) to subpoena the Hempstead County Sheriff's Department under Rule 34 of the Federal Rules of Civil Procedure for "documents, electronically stored information, and tangible things, or entering onto land, for inspection and other purposes;" (2) to subpoena all grievances Plaintiff filed on the kiosk while incarcerated at the Hempstead County Detention Center ("HCDC") and HCDC security footage of events immediately following the motor vehicle accident, showing that Plaintiff was in obvious need of medical attention; and (3) three blank subpoenas for "(1) electronically, (2) medical records to be used for evidence in support of Plaintiff's current claim . . . ." (ECF No. 30).   The Court considers each request, in turn, below.

### i.    First Request for a Subpoena

Plaintiff's first request for a subpoena is overbroad—he says he wants to serve a subpoena on Hempstead County Detention Center ("HCDC") for "documents, electronically stored information, and tangible things, or entering onto land for inspection and other purposes." (ECF No. 30).   This language is lifted directly from Rule 34 of the Federal Rules of Civil Procedure, but Plaintiff does not specifically describe *what* documents he seeks or the basis for those requests.

Federal Rule of Civil Procedure 26(b) describes the permissible scope of discovery, and provides, in relevant part, that "[i]nformation within this scope of discovery need not be admissible

in evidence to be discoverable."   Fed. R. Civ. P. 26(b)(1).   But "discovery is not permitted where

no need is shown, or compliance would be unduly burdensome, or where harm to the person from

whom discovery is sought outweighs the need of the person seeking discovery of the information."

*Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999)

(internal quotation and citation omitted).   With respect to his first request for a subpoena, Plaintiff

has failed to identify what, specifically he is requesting or why he is requesting this material.

Accordingly, Plaintiff's first request for a subpoena is **DENIED** as overly burdensome.

*ii.       Third Request for a Subpoena*

Plaintiff's third request for a subpoena is denied for the same reasons as the first.   Here,

Plaintiff requests three blank subpoenas for "(1) electronically (2) medical records . . . ." (ECF No.

30).   But, again, the Court finds that these requests are not sufficiently particularized to warrant a

subpoena at this time.   Plaintiff has not specifically identified what electronic documents he

requests or where he would direct his request.   Thus, this Court cannot discern whether such

documents are even relevant to his claims.   While his medical records following the accident in

the transport van may be relevant, he fails to specify where he would request those documents and

the relevant time frame covering his request.   Further, Court's initial scheduling order requires

parties to first attempt to obtain relevant documents from other parties before requesting a

subpoena. (ECF No. 27).   But Plaintiff's request for a subpoena for medical records makes no

mention of whether he first requested the material from the Defendant.   More to the point, Plaintiff

has failed to explain why he cannot obtain his own medical records without court intervention.

Accordingly, Plaintiff's request for three blank subpoenas is hereby **DENIED**.   Should Plaintiff

submit any subsequent motions for a subpoena, Plaintiff is encouraged to specify in that motion

3

the documents he requests, where and why he requests them, and whether he first requested them without court intervention (or why not).

### iii.    Second Request for a Subpoena

This leaves Plaintiff's second subpoena request—for the grievances he submitted while detained at the HCDC and for security footage immediately following his return from the transport that caused his purported injuries.   This request does not suffer the same infirmities as his other two requests.   By contrast, the Court finds that Plaintiff's requests are sufficiently particularized and that their disclosure may be relevant to the claims of this case.

Accordingly, the Clerk is directed to issue a subpoena to **Sherriff Singleton, Hempstead County Sheriff's Office, 312 South Washington Street, Hope, AR 71801.**

The subpoena should require the production of the following:

- All records, whether print or electronic, of Plaintiff's grievances while detained at the Hempstead County Detention Center ("HCDC").

- All surveillance or security footage showing events immediately following the injuries Plaintiff sustained during his transport in a HCDC transport van on or about January 3, 2022.

The subpoena should be served by certified mail, return receipt requested.   The records shall be produced by **April 30, 2024**.   The records should be delivered to United States District Court, Western District of Arkansas, Pro Se Office, 35 E. Mountain Room 510, Fayetteville, AR 72701.   The records may be sent electronically in PDF format to fay_info@arwd.uscourts.gov. The Clerk is directed to file this subpoena under seal.

IT IS SO ORDERED this 9th day of April 2024.

*/s/ Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4