IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EARL SPENCER WOODS, JR.
ADC #181182                                                                                                   PLAINTIFF

v.                    Civil No. 4:23-CV-04080-SOH-CDC

SHERIFF JAMES SINGLETON, Hempstead County Detention Center,
CAPTAIN JAMES WISE, Hempstead County Jail;
ELKIN, Hempstead County Jail; and JAIL GUARD BRYANT,
Hempstead County Jail, individually and in their official capacities,            DEFENDANTS.

## ORDER

Plaintiff Earl Spencer Woods, Jr., a prisoner, has filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and *in forma pauperis* ("IFP"). (ECF No. 10). This matter is before the Court on several pending motions: Plaintiff's Motion to Compel, (ECF No. 38); Plaintiff's Motion to Appoint Counsel, (ECF No. 43); Plaintiff's Motion for Extension of Time to Complete Discovery, Motion to Appoint Counsel, and Motion to Compel Disclosure, (ECF No. 44); Plaintiff's Motion to Compel Disclosure, (ECF No. 45); Plaintiff's Second Motion to Compel Disclosures, (ECF No. 46); and Plaintiff's Motion for Copies, (ECF No. 53).[1] Defendant filed a Response in Opposition to Plaintiff's Motion to Compel. (ECF No. 48). Defendant has filed no response to any other pending motion and, except for Plaintiff's Motion for Copies, (ECF No. 53), his deadline for submitting a response has expired. *See* Local Rule 7.2 (b). The Court finds that no response to Plaintiff's Motion for Copies, (ECF No. 53), is necessary. Plaintiff's motions are therefore now ripe for the Court's consideration.

## BACKGROUND

---

[1] Plaintiff has also filed a Motion to Dismiss Case. *See* (ECF No. 52). That Motion will be addressed separately after the Defendant has had an opportunity to respond.

1

Upon preservice review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A(a), this Court recommended the following two claims proceed: (1) Plaintiff's claims against Defendant Elkin in his individual capacity for failing to provide him with constitutionally adequate medical care following a January 3, 2022, traffic accident; and (2) Plaintiff's claim against Defendant Elkin for failing to provide constitutionally adequate medical care on April 27, 2022, June 6, 2022, June 23 – June 27, 2022, and July 7, 2022.  (ECF No. 16). This Court recommended that all claims against all other defendants be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  *Id.*  This Court subsequently ordered service of the Amended Complaint on Defendant Elkin.  (ECF No. 17).

After Defendant Elkin filed his Answer, this Court stayed discovery and ordered Defendant to either file a motion for summary judgment on the issue of whether Plaintiff first exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) by January 2, 2024, or promptly file a notice informing the Court that he did not intend to pursue that defense at trial.  (ECF No. 22).  On January 2, 2024, Defendant Elkin filed notice informing the Court and parties that he did not intend to pursue such a defense.  (ECF No. 26).  Thus, on January 8, 2024, this Court entered an initial scheduling order governing discovery and ordering a motion for summary judgment on the merits to be filed by June 6, 2024.  (ECF No. 27).

On January 29, 2024, Plaintiff filed a Motion to Appoint Counsel.  (ECF No. 28).  The next day, this Court denied that Motion, concluding that the case was in the discovery phase of litigation, there were no pending motions before the Court requiring legal research or analysis, and that Plaintiff was adequately prosecuting his own case at the time.  (ECF No. 29).  On March 25, 2024, Plaintiff filed a Motion for Blank Subpoenas.  (ECF No. 30).  On April 9, 2024, this Court

2

directed the Clerk to issue a subpoena to the Hempstead County Sheriff's Office ("HCSO") for the grievances he submitted while detained at the Hempstead County Detention Center ("HCDC") and security footage of Plaintiff returning from the transport following the traffic accident. (ECF No. 31). This Court denied Plaintiff's Motion for Blank Subpoenas in all other respects. *Id.* On April 25, 2024, this Court ordered that the documents the Court received in response to that subpoena be docketed with the exception of three pages, which did not appear to belong in this case. (ECF No. 34).

On May 13, 2024, Plaintiff requested an extension of time to complete discovery. (ECF No. 36). The next day, this Court granted Plaintiff's request for an extension of time to complete discovery, ordering that discovery be completed by June 10, 2024, and extending the deadline for the Defendant to file a motion for summary judgment to July 10, 2024. (ECF No. 37). On June 4, 2024, Plaintiff filed a Motion to Compel. (ECF No. 39). Because Plaintiff's Motion appeared to be missing a page and his requests for relief were thus unclear, this Court ordered Plaintiff to refile the entire submission within 21 days of the date of the order, or by June 25, 2024, failing which the Motion would be denied for failure to comply with court orders. (ECF No. 39).

On June 10, 2024, Plaintiff filed his second Motion for Extension of Time to Complete Discovery. (ECF No. 40). This Court granted Plaintiff's request for an extension of time to complete discovery, ordering that the discovery deadline be extended to August 12, 2024, and extending the deadline to submit a motion for summary judgment to September 16, 2024. (ECF No. 41). This Court denied Plaintiff's request to "reprimand" the mailroom at his place of confinement for purportedly delaying the delivery of his mail. *Id.*

On June 17, 2024, Defendant consented to the jurisdiction of the magistrate judge. (ECF

No. 42). Also on June 17, 2024, Plaintiff filed a Motion to Appoint Counsel, (ECF No. 43); Motion for Extension of Time to Complete Discovery, Motion to Appoint Counsel, and Motion to Compel Disclosure, (ECF No. 44); Motion to Compel Disclosure, (ECF No. 45), and Second Motion to Compel Disclosure, (ECF No. 46). Because all parties consented to the jurisdiction of the magistrate judge, on June 18, 2024, District Court Chief Judge Susan O. Hickey ordered that this matter be assigned to the undersigned to conduct further proceedings and for the entry of judgment. (ECF No. 47).

On June 25, 2024, Defendant filed his response in opposition to Plaintiff's Motion to Compel. (ECF No. 48). On July 1, 2024, Plaintiff filed a notice informing the Court and parties that he anticipated that he would be transferred to another unit and again expressed concerns that the mailroom at his place of incarceration was delaying the delivery of his legal mail. (ECF No. 49). On July 8, 2024, Plaintiff submitted a notice of change of address. (ECF No. 51). On July 15, 2024, Plaintiff submitted a Motion to Dismiss Case. (ECF No. 52). On July 22, 2024, Plaintiff filed a Motion for copies of all the paperwork he submitted in this case. (ECF No. 53). This Court turns now to Plaintiff's outstanding motions.

### *Motion for Appointment of Counsel* (ECF Nos. 43, 44).

Plaintiff has submitted at least two motions for appointment of counsel. *See* (ECF Nos. 43, 44). The first Motion,[2] dated June 7, 2024,[3] requests appointment of counsel on the grounds that Plaintiff is incarcerated with limited access to the law library, that Plaintiff himself has limited

---

[2] For clarity, the Court refers to the order in which Plaintiff's motions were filed, recognizing that when the motion was docketed does not necessarily correspond to when it was written or mailed.
[3] Plaintiff's Motion for Appointment of Counsel, (ECF No. 43), is dated June 7, 2025. The Court, however, understands the reference to "2025" to be typographical error and that Plaintiff signed the Motion on June 7, 2024.

knowledge of the law, that he has been diagnosed with paranoid schizophrenia and has suffered strokes affecting his mental faculties, that a trial in this case would likely involve conflicting testimony and counsel would be better suited to present evidence on Plaintiff's behalf, and that Plaintiff has made repeated unsuccessful efforts to obtain a lawyer on his own.  (ECF No. 43). Plaintiff's second Motion, dated June 5, 2024, requests appointment of counsel on the grounds that some of Plaintiff's original claims were dismissed without prejudice pursuant to 28 U.S.C. § 1915A(a), that this Court previously denied Plaintiff's discovery requests, and that Plaintiff does not comprehend the law and thus feels at a "disadvantage" in prosecuting his claims. (ECF No. 44).

As previously explained, a civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action.  *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Instead, the Court has the discretion to appoint counsel in cases where a party is unable to afford counsel.  *See* 28 U.S.C. 1915(e)(1).  In determining whether to appoint counsel for an indigent civil litigant, the court "considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim."  *Id.* (citing *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Here, this Court recognizes that incarceration imposes additional challenges on Plaintiff's ability to prosecute his claims in federal court.  At this stage in the proceedings, however, this Court finds that these challenges do not amount to grounds for appointment of counsel.  While Plaintiff's access to the law library is limited, he nevertheless is provided access to the law library to conduct research and prepare pleadings and requests for relief.  Further, although Plaintiff

5

asserts that he was diagnosed with paranoid schizophrenia and that strokes have affected his vocabulary and motor skills, he has submitted over ten motions for relief, responded to Court orders, and updated the Court with changes in his contact information. On this record, the Court finds that he has been adequately prosecuting his claims, notwithstanding any purported deficits caused by his diagnosis or strokes. Finally, while Plaintiff asserts that a trial in this matter would likely involve conflicting testimony, this case remains in the discovery phase of litigation—Defendant's motion for summary judgment is not due until September 16, 2024. Further, and more to the point, Plaintiff has filed a Motion to Dismiss the case. (ECF No. 52). On this record, therefore, the Court finds that it is simply premature to consider whether there will be conflicting evidence presented at a trial. Accordingly, Plaintiff's Motions to Appoint Counsel, (ECF No. 43 & 44), are **DENIED WITHOUT PREJUDICE**. Should circumstances change, however, Plaintiff may renew his request for appointment of counsel at a later stage in the proceedings.

### *Motion for Extension of Time* (ECF No. 44)

Plaintiff requests an extension of time to complete discovery. (ECF No. 44). In support of this request, Plaintiff writes, "you have given me an extension (time) to 6/10/24. However, the Garza West mailroom here in Beeville, Texas is inadequate." *Id.*, p. 1.

As noted above, on Plaintiff's motion, on June 12, 2024, this Court extended the deadline to complete discovery to August 12, 2024, and Defendant's deadline for filing a motion for summary judgment to September 16, 2024. (ECF No. 41). The Court received Plaintiff's third request for an extension of time on June 17, 2024, five days after granting his second. *See* (ECF No. 44). It appears, therefore, that Plaintiff submitted his third request for an extension of time to complete discovery before he had received the Court's order addressing his second extension

6

request. In any event, the Court finds no good cause warranting any further extensions of time to complete discovery or to file a motion for summary judgment, particularly considering that Plaintiff has also filed a Motion to Dismiss. (ECF No. 52). Accordingly, Plaintiff's third Motion for an Extension of Time, (ECF No. 44), is **DENIED.** The deadline for completing discovery is August 12, 2024, and Defendant's deadline for filing a motion for summary judgment is September 16, 2024.

### *Motion for Copies* (ECF No. 53)

Plaintiff requests "paper copies of all paperwork concerning case number 4:23-CV-04080 that the plaintiff submitted." (ECF No. 53). Plaintiff provides no other factual detail, including the basis (or reasons) for his request.

The Court is not responsible for maintaining Plaintiff's file. Further, Plaintiff has failed to identify the basis for his request for copies. Thus, Plaintiff's Motion for Copies, (ECF No. 53, is therefore **DENIED.** That said, the Clerk is **DIRECTED** to send Plaintiff a copy of the docket sheet in this case. If, after reviewing the docket sheet, Plaintiff would like copies of certain filings, he is directed to file a motion specifically identifying which filings he is requesting and why. Plaintiff is cautioned that the Court will not send him multiple copies of the same document.

### *Motion to Compel* (ECF Nos. 38, 44, 45, and 46)

Plaintiff has filed four motions to compel discovery. *See* (ECF Nos. 38, 44, 45, and 46).

**A. Background**

Plaintiff's first Motion to Compel, filed June 4, 2024, is missing a page, and thus Plaintiff's requests for relief are unclear. (ECF No. 38). In response, therefore, this Court ordered Plaintiff to resubmit his entire submission within 21 days, failing which the motion would be denied for

failure to comply with court orders. (ECF No. 39).

The second, filed June 17, 2024, asserts that Plaintiff requested from the Defendant—but did not receive—video footage from the Hempstead County Detention Center ("HCDC") showing him being placed in the transport van unsecured. (ECF No. 44). Plaintiff also says he has requested—but has not received—his medical records from the Guadalupe Regional Medical Center. *Id.* He says that Defendant should either have copies of these records or should have access to them because he signed a release of information. *Id.* Finally, Plaintiff says that he has been trying to obtain his medical records from the Wadley Regional Medical Center in Hope, Arkansas. *Id.*

The third, also filed June 17, 2024, asserts that Defendant has not responded to Plaintiff's requests for discovery. (ECF No. 45). As the Court understands it, Plaintiff identifies five outstanding discovery requests: (1) medical records from the Arkansas prison system, Calico Rock-North Central Unit, and his x-rays from the Guadalupe Hospital in Seguin, Texas; (2) all grievances he submitted on the HCDC kiosk system; (3) video footage from the HCDC showing him being placed in the transport van unsecured and video showing him returning to the HCDC immediately following the accident; (4) "any documents or communications that the defendant plans to use for [his] defense;" and (5) "all discovery material the defendants plan to use for their defense." *Id.*, p. 5. Plaintiff's motion also includes twenty interrogatories—as the Court understands it, Plaintiff claims that the Defendant has not responded to these interrogatories. *Id.*, pp. 2-3, 7-9.

Finally, as the Court understands it, Plaintiff questions why the Court previously denied his requests for subpoenas, asserting that he has been "diligently trying to obtain [his medical

8

records] to prove [his] claim" without success.  *Id.*, p. 7.

The fourth Motion to Compel, also filed June 17, 2024, specifically requests an order compelling the Defendant to respond to and produce the documents requested in the twenty interrogatories described in Plaintiff's third Motion to Compel.  (ECF No. 46).  Plaintiff says that he previously requested that Defendant respond to his discovery requests on May 5, 2024, May 24, 2024, and June 7, 2024, but Defendant has not produced the requested information.  *Id.*, p. 2.  Finally, Plaintiff requests an order directing Defendant to pay him $150 in costs associated with bringing the motion.  *Id.*, p. 2.

In response, Defendant asserts that he has responded to Plaintiff's discovery requests and that "Plaintiff continues to request the same documentation and asks the same questions that this Defendant has already answered numerous times."  (ECF No. 48).  Further, Defendant contends that he cannot produce information, such as Plaintiff's medical records, that are not in Defendant's possession, custody, or control.  *Id.*

**B. Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure governs pretrial discovery compliance.  Pursuant to that rule, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  Fed. R. Civ. P. 37(a)(1).  "A district court has very wide discretion in handling pretrial discovery matters . . .."  *Voegeli v. Lewis*, 568 F.2d 89, 96 (8th Cir. 1977).

**C. Analysis**

As a preliminary matter, it is entirely unclear whether Plaintiff submitted any of his June 17, 2024, filings in response to the Court's June 6, 2024, Order directing Plaintiff to resubmit his

9

June 4, 2024, Motion to Compel, or if these three filings constitute new motions to compel. *See* (ECF No. 39). Consistent with this Court's June 6, 2024, Order, therefore, Plaintiff's June 4, 2024, Motion to Compel, (ECF No. 38), is **DENIED** for failure to comply with Court orders.

Plaintiff's three remaining motions to compel concern Defendant's purported failure to (1) respond to interrogatories; and (2) produce certain documents, including Plaintiff's medical records from the Guadalupe Regional Medical Center in Seguin, Texas; the Wadley Regional Medical Center in Hope, Arkansas; and the Arkansas prison system, Calico Rock-North Central Unit; and records, including security footage, from the HCDC. *See* (ECF Nos. 44, 45, 46). This Court first addresses the interrogatories.

Plaintiff's third Motion to Compel lists the following interrogatories:

1. Do you work as Hempstead County Jail and what is your job title?

2. What is his duties?

3. What does he remember, upon Plaintiff's arrival of H.C.J. booking area, from the accident?

4. Identify and attach a copy of all documents showing who was on duty . . . all employee's during (dates) relating to H.C.J. during the plaintiffs incarceration.

5. On or about June 15, 2022, Mr. Elkins and Sgt. Inslow had the plaintiff sign a consent form to release my medical records from Guadalupe Regional Medical Center Hospital in Seguin, Texas [] . . . Do you seen or have the reports?

6. Did Mr. Elkins document the incident immediately after accident?

7. I request the reports.

8. Do any H.C.J. jail guards have certification as a nurse practitioner as the defendant?

9. Does the Defendant has the authority to give the jail guards medical

10

    advice or pass out meds to inmates without the defendants presence?

10. When submitting medical grievances on the kiosk, how long does the H.C.J. staff 'open' and respond to the grievances directing the question to the defendant?

11. How frequent does the defendant medically examine the H.C.J. inmates?

12. Daily? When?

13. Weekly? When?

14. I request video footage of the defendant during his daily medical activities during the time of the Plaintiff's incarceration. At least three (3) interactions, consecutively, with H.C.J. inmates. This will show the negligence and lack of concern. Furthermore, the lack of medical attention to the plaintiff.

15. Does the Defendant take care of all the medical needs (passing of med's, immediate medical concerns and emergencys [sic] of the dorms) in the H.C.J.?

16. Does the defendant have medical personal to assist the defendant in medical situations? What are their certifications?

17. Has the defendant incurred any inmate fatalities during the plaintiffs incarceration?

18. How many?

19. The Plaintiff was taken to Wadley Regional Medical Center at Hope, AR from the H.C.J. (12/22/22) for head injury, glass in head, and LOC shoulder injury. Previously, in the 'discovery' process, the defendant, along with attorney Newell, provided H.C.J. 'medical records' (paper sick calls, and prescription refills.) Responding to the Plaintiff's discovery request. Neglecting, and obviously, covering up the fact that the Plaintiff was assaulted and needed hospitalization, in which the Wadley Regional Medical Cetner C.A.T scan results will show shoulder damage. Furthermore, the defendants tried to cover-up the 27 page document 35 filed 04/25/24 page 5 of 24 page #118. The grievance was dated 06/13/22, griev. form ID 592. However, the 'same document' (35/ID #118) was copied as a 'missing' grievance that explained the assault I incurred in H.C.D.C that required

    hospitalization, which also needed a 'x-ray' or CAT scan. These neglections of documents and medical records is a obvious attempt to conceal the plaintiffs shoulder injury, that incurred through H.C.D.C. transport vehicle accident. Nevertheless, back to the discovery request/question . . .

20. I request, in good faith, the medical records from Wadley Regional.

21. In addition, I request the "entire" kiosk grievance that pertaining to the assault that plaintiff endured.

(ECF No. 45, pp. 2-3, 7-9).

Upon review of the interrogatories to which Defendant has already responded, *see* (ECF No. 48), it is evident that Defendant already responded to Interrogatory No. 1, *see* (ECF No. 48-5, p. 2); Interrogatory No. 5, *see* (ECF No. 48-5, p. 2); Interrogatory No. 20, *see* (ECF No. 48-5, pp. 3-4); and Interrogatory No. 21, *see* (ECF No. 48-1, p. 3). Further, Interrogatory No. 19 is plainly not an interrogatory at all as it contains no question. Accordingly, Plaintiff's Motion to Compel Defendant to respond to Interrogatories No. 1, 5, 19, 20, and 21 is **DENIED**.

This Court, moreover, is not persuaded that Plaintiff has provided Defendant with an opportunity to respond to the remaining sixteen (16) interrogatories. For example, the record shows that Plaintiff previously submitted (and Defendant responded to) the following interrogatory: "On the day of the accident you was there when I arrived to the booking area getting transported by Correctional Officer Bryant . . . why didn't you examine my injuries while I was there?" Defendant responded, saying, "To the best of my knowledge, I was not made aware of you purpose at the jail nor you having any injuries that I should have been aware of." (ECF No. 48-3, pp. 2-3). Plaintiff's third Motion to Compel identifies the following interrogatory (Interrogatory No. 3): "What does [Defendant] remembers, upon the Plaintiff's arrive of H.C.J. booking area, from the accident?" (ECF No. 45, p. 2). While these interrogatories are similar

12

(and thus may produce similar answers), they are plainly not the same—one asks why Defendant did not examine him for injuries following the traffic accident and the other asks what he remembers after the traffic accident. Because these are not the same questions and there is nothing in the record establishing that Plaintiff had submitted this specific interrogatory to the Defendant, but he failed to respond to it, Plaintiff's request to *compel* Defendant's response is simply premature. Plaintiff must first afford Defendant an opportunity to respond to his discovery requests before claiming that he failed to respond and requesting a motion to compel. *See* Fed. R. Civ. P. 37(a)(1). Plaintiff's Motion to Compel Defendant's responses to the remaining interrogatories is therefore **DENIED** as premature.[4]

This leaves Plaintiff's requests for production of documents, specifically his medical records and other records from the HCDC, including surveillance video. To be sure, Plaintiff has repeatedly requested his medical records from the Guadalupe Regional Medical Center in Seguin, Texas, the Wadley Regional Medical Center in Hope, Arkansas, and the Arkansas Department of Correction ("ADC"), Calico Rock-North Central Unit. For his part, Defendant has responded saying that those documents are not in his possession, custody, or control. Defendant cannot disclose what he does not have in his possession. Accordingly, Plaintiff's Motion to Compel Defendant to produce his medical records from these institutions is **DENIED**.

Defendant previously requested a subpoena for this information. (ECF No. 30). That

---

[4] Plaintiff is cautioned that the Federal Rules of Civil Procedure provide that "[u]nless otherwise stipulated or ordered by the court, a party may serve on another party no more than *25* written interrogatories, including discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1) (emphasis added). No party has requested (and this Court has not granted) leave to serve more than 25 interrogatories on the other party.

request was denied because Plaintiff failed to establish that he first requested (and was unable to obtain) the information from Defendant or on his own in accordance with the Court's initial scheduling order. *See* (ECF No. 31). While Plaintiff's Motion to Compel clearly addresses this deficiency, showing that he has made repeated unsuccessful efforts to obtain these records directly from Defendant and on his own, this Court is also aware that Plaintiff has filed a Motion to Dismiss this case, (ECF No. 53). Accordingly, to the extent that Plaintiff requests a subpoena for his medical records from the Guadalupe Regional Medical Center, the Wadley Regional Medical Center, and the ADC, Plaintiff is directed to file a separate motion in accordance with Fed. R. Civ. P. 45 requesting subpoenas those records. Plaintiff is cautioned that any such request should describe the relevant dates of service or timeframe during which Plaintiff received medical care.

Finally, Plaintiff requests that Defendant produce records from the Hempstead County Detention Center ("HCDC") including security footage immediately before and after his transport during which he purportedly sustained injuries, his booking information, and all grievances he submitted on the HCDC kiosk system. *See* (ECF No. 45). Defendant has repeatedly informed Plaintiff that he does not have this information in his custody or control. (ECF No. 48). Accordingly, Plaintiff's Motion to Compel Defendant to produce this information is **DENIED**.

Notably, this Court previously granted Plaintiff's request for a subpoena requiring Hempstead County to produce "all records, whether print or electronic, of Plaintiff's grievances while detained at [HCDC]; and all surveillance or security footage showing events immediately following the injuries Plaintiff sustained during his transport in a HCDC transport van on or about January 3, 2022." *See* (ECF No. 31). To the extent that Plaintiff now requests additional information that was not requested (and thus not included) in the original subpoena, Plaintiff may

request a second subpoena in accordance with Rule 45 of the Federal Rules of Civil Procedure. Any such request should explain why this information was not requested in Plaintiff's first request for a subpoena. To the extent that Plaintiff claims that Hempstead County did not comply with the Court's subpoena, Plaintiff should submit a separate motion explaining how Hempstead County did not comply with the subpoena and the relief Plaintiff requests.

### *Report and Recommendation* (ECF No. 16)

On final housekeeping matter, this Court entered a report and recommendation following the Court's preservice review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A(a). (ECF No. 16). Since that time, the parties have consented to the jurisdiction of the magistrate judge. (ECF No. 47). Accordingly, the Court's report and recommendation, (ECF No. 16), is hereby **WITHDRAWN AS MOOT**. A separate order on the Court's preservice review of Plaintiff's Amended Complaint is forthcoming.

### CONCLUSION

In sum, for the reasons described above, Plaintiff's Motions to Appoint Counsel, (ECF No. 43, 44), are **DENIED**; Plaintiff's Motion for an Extension of Time to Complete Discovery, (ECF No. 44), is **DENIED**; Plaintiff's Motion for Copies, (ECF No. 53), is **DENIED**; and Plaintiff's Motions to Compel, (ECF Nos. 38, 44, 45, 46), are **DENIED**. The Court's Report and Recommendation, (ECF No. 16), is **WITHDRAWN as MOOT**.

The Clerk is further **DIRECTED** to mail Plaintiff a copy of the docket sheet.

**IT IS SO ORDERED** this 29th day of July 2024.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE